IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Aj Cudney, | ) | |
| | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| Southern Boy Trucking, LLC, | ) | **AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |
| | ) | |

COMES NOW the Plaintiff, Aj Cudney ("Plaintiff" or "Cudney"), and for his Complaint against the Defendant Southern Boy Trucking ("Southern Boy"), states as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff Aj Cudney is a resident of Williston, North Dakota.

2. Defendant Southern Boy is a domestic limited liability company, organized in and registered to do business in North Dakota, with its principal place of business in Williston, North Dakota. Southern Boy is primarily engaged in the delivery of tubing, rods and other oil field equipment to various rigs and other locations.

3. This action arises under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq., as hereinafter more fully appears. The jurisdiction of this court is founded on 28 U.S.C. §1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because those claims arise from a common nucleus of operative facts with the federal claims, namely the failure to pay overtime to a non-exempt employee.

4.       Venue is proper in the District Court for the District of North Dakota, Western Division, because Southern Boy is registered to do business in North Dakota and at all times material hereto the Plaintiff was an employee of Southern Boy and was working for Defendant in Williston, North Dakota.

## II.    STATEMENT OF FACTS

5.       Between September 2018 and June 2021, Southern Boy employed the Plaintiff as a truck supervisor and driver in Williston, North Dakota. In that capacity, Plaintiff would deliver equipment to the field and also do repair work on Southern Boy trucks and trailers in its shop.

6.       While employed by Southern Boy in the months between September 2018 and April 2021, Plaintiff was compensated at an hourly rate of pay. In each and every week during his employment, Plaintiff worked in excess of 40 hours per week that were documented on his paystubs, and between 22 and 28 hours of unrecorded "shop time," but was not paid overtime for the hours he worked in excess of 40 hours per week.

7.       None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half the regular rate at which its employees are paid are applicable to Southern Boy or the Plaintiff herein.

8.       Southern Boy knew that Plaintiff was entitled to overtime pay under federal law or showed reckless disregard for whether Plaintiff was entitled to overtime pay.

9.       The same conduct outlined above also violates North Dakota state law and regulations as set forth at North Dakota Administrative Code § 46-02-07-02(4). Like its federal counterpart, North Dakota law mandates that overtime compensation must be paid at one and one-half times the employee's regular rate.

10. Southern Boy's failure to pay Plaintiff the overtime compensation to which he was entitled constituted a willful violation of the provisions of the FLSA, including but not limited to 29 U.S.C. § 207, and Plaintiff is thus entitled to recover compensation for unpaid overtime dating back three years from the commencement of this action, pursuant to 29 U.S.C. § 255(a), plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

11. Plaintiff was paid $23 per hour from September 2018 through April 2020, and was entitled to an additional $11.50 per hour for all hours over 40 hours in a week during that time frame. Plaintiff was paid $20 per hour from May 2020 through June 2021, and was entitled to an additional $10.00 per hour for all hours over 40 hours in a week during that time frame.

12. Plaintiff has requested copies of all his paystubs going back to September 2018, but Southern Boy has refused to provide them. Based on the 16 weekly paystubs which Plaintiff has between September 2018 and April 2020, Plaintiff worked approximately 465 recorded overtime hours. He also worked approximately 400 unrecorded overtime "shop hours" during the same period, for a total of 865 uncompensated overtime hours. Plaintiff was not compensated at time and a half, or $34.50 per hour, for those 865 overtime hours. He was entitled to be paid an additional $11.50 per hour for those 865 hours, or $9,947.50, or such other amount as is proved at trial. In addition, based on average recorded overtime of 29 hours in each of those 16 weeks, and average 25 hours of unrecorded overtime "shop hours" in those 16 weeks, Plaintiff is entitled to approximately 54 hours of uncompensated overtime at $11.50 per hour, or $621 per week, for the 70 weeks between September 2018 and April 2020 for which he does not have paystubs, or approximately $43,470, or such other amount as is proved at trial.

13. Based on the 10 weekly paystubs which Plaintiff has between May 2020 and

3

June 2021, Plaintiff worked approximately 225 recorded overtime hours. He also worked approximately 250 unrecorded overtime "shop hours" during the same period, for a total of 475 uncompensated overtime hours. Plaintiff was not compensated at time and a half, or $30.00 per hour, for those 475 overtime hours. He was entitled to be paid an additional $10.00 per hour for those 475 hours, or $4,750, or such other amount as is proved at trial. In addition, based on average recorded overtime of 22.5 hours in each of those 10 weeks, and average 25 hours of unrecorded overtime "shop hours" in those 10 weeks, Plaintiff is entitled to approximately 47.5 hours of uncompensated overtime at $10.00 per hour, or $475 per week, for each of the 50 weeks between May 2020 and June 2021 for which he does not have paystubs, or approximately $23,750, or such other amount as is proved at trial.

### III.   ATTORNEY FEES

14. Plaintiff re-alleges and incorporate herein the allegations set forth in Paragraphs 1-13.

15. Plaintiff requests an award of his reasonable attorney's fees and costs incurred in pursuing this action under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(d).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For $53,417.50 in overtime compensation, plus an equal amount in liquidated damages, for the period September 2018 through April 2020, or such other amount as is proved at trial;

2. For $28,500 in overtime compensation, plus an equal amount in liquidated damages, for the period May 2020 through June 2021.

3. For an award of his reasonable attorney fees incurred in this action;

4. For an award of his costs and disbursements herein;

5. For an award of pre and post judgment interest on all unpaid overtime compensation at the maximum rate allowed by law;

6. For such other and further relief as the Court may deem just and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the maximum number of jurors permitted by law.

Dated this 16th day of September, 2021.

_____
Leo F.J. Wilking (ND ID #03629)
Wilking Law Firm, PLLC
P. O. Box 3085
Fargo, North Dakota 58108-3085
Phone: (701) 356-6823
Fax: (701) 478-7621
lwilking@wilkinglaw.com

**ATTORNEY FOR PLAINTIFF**